1

2

3 **UNITED STATES DISTRICT COURT**

4 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

5

6 **MARTIN KORNDOBLER, et al.**　　　　　**1:15-cv-00459 LJO SKO**

7 　　　　　　　**Plaintiffs,**　　　　　　　**MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION**

8 　　　　　　**v.**　　　　　　　　　　　　　**TO DISMISS (Doc. 27)**

9 **DNC PARKS & RESORTS AT SEQUOIA, and DOES 1-100,**

10 　　　　　　　**Defendants.**

11

12 ## I. INTRODUCTION

13

14 　　　　Plaintiffs Martin Korndobler, Stephen Ernst, Matt Miller, Christopher Cruz and Greg Chaney are

15 current or former employees of Defendant DNC Parks & Resorts at Sequoia ("DNC"), a concessioner

16 operating in Sequoia National Park ("SNP"). Plaintiffs allege that Defendant is liable under the Fair

17 Labor Standards Act ("FLSA") and California Labor Code § 1194 for failure to pay minimum and

overtime wages for on-call work.

18 ## II. FACTUAL BACKGROUND[1]

19

20 　　　　Plaintiffs have all worked in the maintenance department of Defendant's operations in SNP.

21 SAC. ¶¶ 2, 7-14. Their duties include maintaining and repairing facilities and snow removal. *Id.*

22 Plaintiffs work "several" shifts a week on an on-call basis. *Id.* at ¶ 18. On-call shifts begin with the end

23 of one day's shift and continue through the beginning of the next day's shift, lasting between 14 and 16

24 _____

25 [1] These background facts are drawn from the Second Amended Complaint ("SAC"), Doc. 26, the truth of which the court must accept for purposes of a Rule 12(b)(6) motion to dismiss.

1    hours. *Id.* at ¶¶ 18-19, 29. During these shifts, Plaintiffs must carry and monitor radios and remain

2    within the range of the radio's range (between a half and two miles of Defendant's operation). *Id.* at ¶¶

3    20-21. Plaintiffs must respond within 15 minutes for a maintenance call and within 30 minutes for a

4    snow removal call. *Id.* at ¶ 21. Plaintiffs must remain ready to work during these periods. *Id.*

5            Plaintiffs are not paid a wage for time spent waiting for calls. *Id.* at ¶ 22. Rather, they are only

6    paid for work performed when they are called out and clocked in to perform work on a recorded work

7    order. *Id.* Plaintiffs allege that at times they have been called in, but not paid, because work orders were

8    cancelled prior to their arrival. *Id.* Plaintiffs also allege that they are often called for technical advice for

9    which they are not paid. *Id.* Plaintiffs are subject to discipline if they fail to respond to a call. *Id.* During

10   the winter months, Plaintiffs are required to perform storm watch shifts in addition to maintenance call

11   shifts. *Id.* at ¶ 24. While on storm watch shifts, Plaintiffs are subject to the same constraints as they are

12   during maintenance call shifts. *Id.* at ¶¶ 23-25.

13   ### III. <u>PROCEDURAL HISTORY</u>

14           Plaintiffs filed their Complaint on March 25, 2015. Compl., Doc. 1. On April 30, 2015, DNC

15   moved to dismiss Plaintiffs' state law claims pursuant to Fed R. Civ. P. 12(b)(6) on the basis that they

16   did not apply to activities in national parks under the Federal Enclave doctrine. Def.'s Mot. to Dismiss

17   ("MTD"), Doc. 12. Defendant also argued that Plaintiff Korndobler's claims were time barred. *Id.* The

18   Court granted Defendants' motion to dismiss Plaintiffs' state law claims, with the exception that

19   Plaintiff's state-based minimum wage claims could proceed. "MTD Order," Doc. 23, 10. The Court also

20   granted Defendants' motion to dismiss Plaintiff Korndobler's FLSA claim, but allowed leave to amend

21   this claim. *Id.* at 11-12.

22           Plaintiffs filed their Second Amended Complaint ("SAC"), Doc. 26, on July 1, 2015. The SAC

23   included allegations that the DNC violated California minimum wage and overtime regulations. SAC ¶¶

24   59-61. On July 24, 2015, Defendant moved to dismiss the state overtime claims as well as Plaintiff

25   Korndobler's FLSA claims. "MTD", Doc. 27. On August 6, 2015, the parties stipulated to dismissal of

1   the state overtime claims. Doc. 29. These claims are no longer before the Court. Doc. 30. On August 17,

2   2015, Plaintiff Korndobler filed his Opposition to Defendant's motion to dismiss his FLSA claim.

3   "Opposition", Doc. 31. Defendant replied on August 24, 2015. The Court vacated the hearing date set

4   for September 1, 2015 pursuant to L.R. 230(g). Doc. 33.

5                          **IV. <u>STANDARD OF DECISION</u>**

6            A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the

7   allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a

8   cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."

9   *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss

10  for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes

11  the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the

12  pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

13           To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim

14  to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

15  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

16  reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

17  662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for

18  more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at

19  556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops

20  short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*,

21  550 U.S. at 557).

22           "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

23  allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more

24  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

25  *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing

1    more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556

2    U.S. at 681. In practice, "a complaint . . . must contain either direct or inferential allegations respecting

3    all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550

4    U.S. at 562. In other words, the Complaint must describe the alleged misconduct in enough detail to lay

5    the foundation for an identified legal claim.

6        To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff

7    should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection

8    Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

9                                    **V. <u>ANALYSIS</u>**

10       Defendant argues that Korndobler's claims are time-barred by the FLSA's two-year statute of

11   limitations and that Plaintiff did not plead facts that would allow him to take advantage of the three-year

12   period allowed for willful violations. MTD at 8-9; Reply at 7-10. Plaintiff counters that the SAC alleges

13   facts sufficient to survive a motion to dismiss. Opposition at 6-8.

14       The Court addressed the standard for establishing willfulness briefly in its previous order; a

15   plaintiff must show an employer "affirmatively knew it was violating the FLSA or that it was acting

16   with 'reckless disregard' of the FLSA." MTD Order at 10-11 (quoting *Nelson v. Waste Mgmt. of

17   Alameda Cnty., Inc.*, 33 F. App'x 273, 274 (9th Cir. 2002)). However, the Ninth Circuit has made it clear

18   that at the pleading stage, "a plaintiff need not allege willfulness with specificity." *Rivera v. Peri & Sons

19   Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). Moreover, a claim may be dismissed as untimely

20   pursuant to a 12(b)(6) motion "only when the running of the statute [of limitations] is apparent on the

21   face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th

22   Cir.2010). A "complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove

23   no set of facts that would establish the timeliness of the claim." *U.S. ex rel. Air Control Technologies,

24   Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (quoting *Supermail Cargo, Inc. v.

25   United States*, 68 F.3d 1204 (9th Cir. 1995)).

4

Defendant argues that whether on-call time is compensable under the FLSA is a nuanced, fact-specific inquiry. Opposition at 8; Reply at 4. This argument is premature. Whether Defendant had actual knowledge of the alleged violations is something to be determined at a later phase in the litigation. At the motion to dismiss stage, willfulness may be alleged generally. *Rivera*, 735 F.3d at 903 (quoting Fed. R. Civ. P. 9(b)) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). For similar reasons, Defendant's reliance on other cases decided at summary judgment or trial is also unpersuasive. *See Reich v. Gateway Press, Inc.,* 13 F.3d 685, 687 (3d Cir. 1994) (decided after a six day bench trial); *Flores v. City of San Gabriel*, 969 F. Supp. 2d 1158, 1160 (C.D. Cal. 2013) (summary judgment). Defendant also cites to two cases in which sister courts have dismissed FLSA claims at the pleading stage. Opposition at 7. The first, *Morgovsky v. AdBrite, Inc.*, No., C 10-05143 SBA, 2012 WL 1595105, at *6 (N.D. Cal. May 4, 2012) was decided before the Ninth Circuit's decision in *Rivera*. In the second case, *Thompson v. N. Am. Terrazzo*, Inc., No. C13-1007RAJ, 2014 WL 2048188, at *6 (W.D. Wash. May 19, 2014), the plaintiffs did not dispute that their claims were barred by the statute of limitations. Thus, neither case is on point.

The Court dismissed Korndobler's original FLSA claims as untimely because it was apparent from the face of the original complaint that the two-year statute of limitations had run and Plaintiff had alleged *no* facts that could have established that the three-year period applied. MTD Order at 11. Plaintiffs' amended complaint cures these deficiencies by alleging that Defendant "knew that it was scheduling Plaintiffs under circumstances which it was required to pay on call wages" and "knew- or chose to ignore- that it was required to pay 'on-call' wages like other employers and failed to do so and therefore its failure to pay the 'on-call' wages alleged herein was willful or reckless." SAC ¶ 34. These allegations are sufficient to allege willfulness. *See Rivera,* 735 F.3d at 902-903 (finding that farmworkers' allegations that certain actions were "deliberate, intentional, and willful" adequately plead that willful FLSA violations). Therefore, the Court DENIES Defendant's motion to dismiss Korndobler's claims pursuant to Rule 12(b)(6). Because the Court is not dismissing Korndobler's claims

5

at this time, it need not address Plaintiff's equitable tolling argument.[2]

## VI. CONCLUSION AND ORDER

For the reasons discussed above the Court DENIES Defendant's motion to dismiss, Doc. 27.

IT IS SO ORDERED.

Dated: __September 15, 2015__          ____/s/ Lawrence J. O'Neill__
                                        UNITED STATES DISTRICT JUDGE

---

[2] Moreover, as Plaintiff admits, his equitable tolling argument relies on facts not alleged in the SAC. Opposition at 7-8.